UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KLEIN STEEL SERVICES INC.,

       Plaintiff,

                              No. 13-cv-14651

v.

                              HON. Gershwin A. Drain

SIRIUS PROTECTION, LLC, *et al*.,

       Defendant.
                              /

## ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY [#13]

### I.  Introduction and Factual Background

On November 8, 2013, Plaintiff filed a Complaint in this Court alleging breach of contract by the Defendant. On January 10, 2014, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 7, 2014, Plaintiff sent Defendant a set of document requests. Presently before the Court is Defendants' Motion for a Protective Order Staying Discovery. For the foregoing reasons, the Court will GRANT Defendants' Motion.

Plaintiff filed an Amended Complaint on January 29, 2014. *See* Dkt. # 14. The Amended Complaint added a new Defendant to the matter, SFP Works, Inc. However, the new Defendant was not correctly named. Parties have filed a Stipulation that substitutes SFP Works, LLC as the proper additional Defendant and stipulates to the filing of a Second Amended Complaint. *See* Dkt. #18. Defendant SFP Works LLC has filed a Notice of Joinder for the instant Motion for a Protective Order Staying Discovery. *See* Dkt. # 25. Defendants will file a responsive pleading

to the Second Amended Complaint pursuant to Rule 12(a) of the Federal Rules of Civil Procedure. *See* Dkt. #18. Defendants filed a Motion to Dismiss the Second Amended Complaint on February 25, 2014. *See* Dkt. # 27.

## II. Law and Analysis

Rule 26(c) of the Federal Rule of Civil Procedure allows a party from whom discovery is sought to seek, if the party shows good cause, an order to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The rule allows courts to limit or stay discovery until preliminary questions on dispositive issues can be answered. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (1999)). This ability to limit discovery is within the court's discretion. *Id.*

Defendants argue that discovery in this matter will not aide the Court in its determination of the Motion to Dismiss. The Court will determine the motion solely on whether the complaint sets out facts that show Plaintiff is entitled to relief. *See Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). Moreover, dismissal of the Complaint would render the discovery request moot.

The Court sees no connection between the document requests the Plaintiff sent to Defendant and how it will rule on the Motion, and there is a possibility the Court's disposition of the Motion will render discovery moot. Therefore, the Court will GRANT Defendants' Motion for a Protective Order Staying Discovery [#13].

## III. Conclusion

For the foregoing reasons, the Defendants' Motion [#13] is GRANTED.

IT IS SO ORDERED.

                                                   /s/Gershwin A Drain  
                                                   HON. GERSHWIN A. DRAIN  
                                                   United States District Court Judge