UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KLEIN STEEL SERVICES INC.,

        Plaintiff,

v.

        No. 13-cv-14651

        HON. Gershwin A. Drain

SIRIUS PROTECTION, LLC, *et al.*,

        Defendant.

_____/

## **ORDER DENYING MOTION FOR RECONSIDERATION [#36]**

Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's April 29, 2014 Order Granting Defedants' Motion to Dismiss. *See* Dkt. #34. Plaintiff asks the Court to reconsider its Order insofar as it dismisses its count for a declaratory judgment.

The standard of review for a motion to reconsider is provided in Local Rule 7.1(h)(3) of this Court:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions

that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Plaintiff argues this Court's Order dismissing its claim for a declaratory judgment contains a palpable defect because the Order held the actions amounting to a charge of infringement were required for the form of declaratory relief it sought. Plaintiff argues such action is not a requirement to establish there is a cognizable controversy over the ownership of intellectual property. *Goodrich-Gulf Chem.., Inc. v. Philips Petroleum Co*., 376, F.2d 1015, 1018 (6th Cir. 1967); *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718 (E.D. Mich. 2003) (holding conflicting contentions must be present to create a controversy under the Declaratory Judgment Act).

*Goodrich* and *QQC* do stand for the proposition that a party seeking a declaration of non-infringement must demonstrate action that would lead to a charge of infringement. This case, however, involved a declaration of ownership of intellectual property. Defendants licensed technology to Plaintiff, and a licensing agreement governed their relationship. When Defendant's filed their Motion to Dismiss Plaintiff's Second Amended Complaint, they did reassert a claim they made in a footnote of a previous motion that the assignment clause in the licensing agreement made improvements on technology theirs. The subsequent Motion to Dismiss, which did not make this claim of ownership or applicability of the assignment clause, superseded the prior motion. *See In re Forson Eng'g Corp*., 25 B.R 506, 508 (E.D. Mich. 1982). In the absence of this contention, Defendants made no argument that the licensing agreement's assignment clause applied to Plaintiff's new technology. Thus, the only potential controversy the Court could foresee was one of infringement. The Court saw no dispute over ownership in

the pleading on the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. The Court does not find the presence of conflicting contentions required by the Declaratory Judgment Act. Thus, there is no palpable defect in the Court's order. Plaintiff's Motion for Reconsideration [#36] is DENIED.

SO ORDERED.

Dated: August 13, 2014

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

3